**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Woodrow Vernell CLEMONS, a/k/a "Sundown", Defendant-Appellant.**

No. 79-5726.

United States Court of Appeals, Fifth Circuit. *
Unit B

May 17, 1982.

Robert A. Fraser, Tampa, Fla. (court-appointed), for defendant-appellant.

Loretta B. Anderson, Asst. U.S. Atty., Frank W. Trapp, Sp. Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before JONES, FAY and HENDERSON, Circuit Judges.

JONES, Circuit Judge:

The appellant, Woodrow Vernell Clemons, also known as "Sundown" has appealed from his conviction of the possession of heroin with intent to distribute and of the distribution of heroin. At the trial, a deputy sheriff of Seminole County, Florida, tes-

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

tified that while he was working as an undercover agent for the Federal Drug Enforcement Administration, a confidential informant introduced him to a man then known as "Sundown", for the purpose of purchasing heroin. The informant, and "Sundown", who was identified at the trial as the appellant, met at an apartment in Tampa, Florida, where the deputy paid the appellant $1,800 for an ounce of heroin.

The deputy stated that about three weeks after he purchased heroin from Clemons, he made a purchase of a brown powdery substance from another person. Clemons, who returned to the apartment after this sale was completed, spoke with the deputy in the kitchen. The deputy testified that,

. . . "He [Clemons] told me that he didn't trust the C.I. [confidential informant] because he had heard that he was working for the police. And he suggested that I would—that I leave him alone and didn't have nothing else to do with him. He said that if I wanted to do business with him, that was fine, but he wouldn't do anything else with the C.I."

The appellant contends that the statement and related testimony were evidence of an extrinsic offense and as such its admissibility should be governed by the Federal Rules of Evidence.[1] The appellant urges that the offense was not sufficiently established to justify the admission of the statement and that the prejudice resulting from its admission outweighed its probative value.

■ The government contends that the statement was admissible as the admission of a party-opponent.[2] A statement is not inadmissible hearsay if it is the statement of a party against whom it is offered. *United States v. Lynn*, 608 F.2d 132 (5th Cir. 1979).

■ Evidence of an extrinsic offense is inadmissible unless it is relevant to an issue other than defendant's character, is not substantially outweighed by its undue prejudice, and the evidence otherwise satisfies Fed.R.Evid. 403 (does not confuse the issues, mislead the jury or needlessly delay the trial). *U.S. v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979); *U.S. v. Jimenez*, 613 F.2d 1373, 1376 (5th Cir. 1980); see also *U.S. v. Dunbar*, 614 F.2d 39, 42 (5th Cir. 1980), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980); *U.S. v. Kloock, III*, 652 F.2d 492, (5th Cir. 1981).

■ Any and all statements of an accused, so far as they are not excluded by the doctrine of confessions or by the privilege against self-incrimination, are usable against the accused and are not hearsay. *U.S. v. Evans*, 572 F.2d 455, 488 (5th Cir. 1978), *cert. denied*, 439 U.S. 870, 99 S.Ct. 200, 58 L.Ed.2d 182 (1978). The statement was an admission, and thus, not hearsay, admissible under Fed.R.Evid. 801(d)(2)(A). *U.S. v. Lynn*, supra; see e.g. *U.S. v. Franklin*, 586 F.2d 560, 568 and nn. 14 & 15 (5th Cir. 1978), *cert. denied*, 440 U.S. 972, 99 S.Ct. 1536, 59 L.Ed.2d 789 (1979). *U.S. v. Evans*, supra, at 488 and n. 46. The testimony about the second drug purchase was relevant to establishing Clemons' identity and his connection with the confidential informant. Appellant's sole defense was that the deputy sheriff misidentified him as the culprit. Fed.R.Evid. 404(b) provides that such evidence is admissible to prove identity.

Despite the government's assertions, intent and knowledge were not at issue. The testimony that Clemons indeed sold the heroin established his intent to distribute. As such, it is unnecessary to determine whether extrinsic evidence of intent is admissible

1. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowl-edge, identity, or absence of mistake or accident. Fed.Rules of Evid. Rule 404(b).

2. Fed.R.Evid. 801(d)(2)(A) states that "A statement is not hearsay if . . . the statement is offered against a party and is (a) his own statement . . . ."

during the government's case-in-chief where it is not clear that lack of intent is an issue. See *U.S. v. Salomon*, 609 F.2d 1172, 1174 n. 3 (5th Cir. 1980); *U.S. v. McMahon*, 592 F.2d 871, 876 and n. 7 (5th Cir. 1979); *cert. denied*, 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979). Its probative value of appellant's identity was not substantially outweighed by its unfair prejudice. See e.g. *U.S. v. Roach*, 590 F.2d 181, 186 (5th Cir. 1979). Even though the evidence may have confused the issues and misled the jury, such confusion was remedied by the trial court's instructions that Clemons "was not on trial for any act or offense not alleged in the indictment." Proof of the offense was sufficiently clear. The admission of the testimony about the second heroin transaction, including Clemons' statement, was not error.

The evidence permitted a verdict of guilty. The trial was free from reversible error. The judgment and sentence is

AFFIRMED.