533 So.2d 306 (1988)
Richard A. SPIVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1567.
District Court of Appeal of Florida, First District.
November 7, 1988.
*307 P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Helen P. Nelson, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
This is an appeal from a judgment and sentences imposed for one count of attempted sexual battery and two counts of exposure of sexual organs. Appellant contends the court erred in denying his motion to sever, in finding him to be an habitual offender and in failing to award credit for time served. We affirm in part and reverse in part.
On the afternoon of April 10, 1987 the appellant exposed himself to a 19-year-old University of Florida student who was sunbathing on the lawn outside of an apartment building in southwest Gainesville. According to the student she first noticed the appellant walking nearby, apparently just looking around the apartment complex. A few moments later she looked up and saw appellant standing some 20 feet away, facing her with his pants pulled down, masturbating. She screamed at him, whereupon he pulled up his pants and ran away toward the complex parking lot. She ran to the corner of her building where she was able to observe and obtain a description (including a partial tag number) of appellant's car.
On the same date later that evening appellant exposed himself to a 27-year-old housewife who was shopping at Butler Mall, a shopping center in southwest Gainesville. The housewife's testimony was not entirely clear as to where she was when she first noticed appellant. It appears she was walking along either the sidewalk in front of the stores or on the edge of the median in the street which runs in front of the stores when appellant drove his car past her on her right and then stopped ahead of her. As she approached his car and started to walk past it on its left side, appellant opened his door, partially blocking her path. When she looked down she saw his pants were around his knees and he was holding his penis with his right hand. He grabbed her arm with his left hand and said something to the effect that he only wanted her to perform oral sex on him. Being understandably flustered she did not think to scream but instead pulled away and said something about such sex acts not being a good idea with AIDS going around. She then walked to the nearest store but as she was about to enter she thought to turn and wave to appellant in a manner that would suggest that he should wait for her. She then pretended to buy something near the front of the store while telling the store clerks to call the police. Appellant waited a few minutes but when she did not come back out he left. The housewife and the store personnel subsequently furnished the police with a description of the appellant and his car, including tag number. Appellant was found and arrested approximately 10 days later.
The original information charged three offenses in connection with appellant's conduct in relation to the housewife: attempted sexual battery, false imprisonment, and exposure of sexual organs. During the course of discovery, the state filed notice of intent to adduce "Williams rule"[1] evidence concerning the offense against the student. When the appellant responded with a motion to exclude the "other crimes" evidence the state amended its information so as to charge the single exposure of sexual organs *308 offense against the student together with the three charged offenses against the housewife. Appellant then moved to sever on grounds that the offenses were not connected, but the motion was denied after the judge concluded that the offenses were sufficiently similar and "close enough" so that either could be used as Williams rule evidence at the trial of the other, and that therefore it was proper to try them together.
The jury found appellant guilty of attempted sexual battery and of the two exposure of sexual organs charges, but not guilty of false imprisonment. After trial, but prior to sentencing, the state moved to have appellant sentenced as an habitual offender. At the sentencing hearing the state produced a guidelines scoresheet reflecting 437 points and a recommended sentence of 20 years (17-22). Appellant objected to the motion to sentence him as an habitual offender. The only comments made by the trial judge concerning the dangerousness of the appellant and the need to incarcerate him for an extended period for the protection of the public were as follows:
Defendant does pose a greater danger than before . .. there has been an escalation in the sexually related offenses ... the defendant was released from probation supervision only about a month before these offenses occurred... . And, also, the court does have to consider the sentencing guideline scoresheet. The sentencing guideline scoresheet, in effect, says that this individual, based on the offenses that he has committed, scores up to 20 years in the Department of Corrections just from an evaluation of the offenses, so I think that the court would be very clear or that it would be very clear that Mr. Spivey does pose a threat. He had prior sexual offenses of a similar nature. These are technically in an escalating pattern. The sentencing guidelines call for a sentence of up to 22 years and I think that the court would have to find that Mr. Spivey does pose a threat... . The escalation the court was referring to primarily was the fact that the first offenses were lewd and lascivious offenses against a child. Here we have an actual attempted sexual battery involving a touching and use of some force... . I consider Mr. Spivey to be somebody with a very dangerous sexual problem... . The court would make a specific recommendation that Mr. Spivey be treated at the sexually disordered sex offender treatment facility, because I think he has got a very large problem. It does affect people just walking along the streets.
The court then sentenced appellant to ten years incarceration for the third degree felony of attempted sexual battery, and one year for each of the exposure of sexual organs offenses, with the sentences for the misdemeanors to run concurrently with the sentence for the attempted sexual battery. The court announced that appellant would receive credit for time served, and the sentencing document for the sexual battery offense does properly reflect that appellant should receive credit for time served. However, the sentencing document for the misdemeanor exposure of sexual organs offenses fails to indicate that appellant should receive credit for time served.
We affirm the trial judge's denial of appellant's motion to sever. The granting of a motion for severance is a matter within the discretion of the trial judge and should be overturned only where there has been an abuse of that discretion. Johnson v. State, 438 So.2d 774 (Fla. 1983). Appellant has demonstrated no abuse of discretion. The offenses against the housewife and student were committed on the same day, in the same part of Gainesville, within 2 1/2 hours of each other. The victims, white females of approximately the same age, were both alone. We agree with the trial judge's conclusion that the offenses at issue were "close enough" temporally, geographically, and factually to qualify as "connected acts or transactions" and thus to be "related offenses" properly chargeable in a single indictment and triable together. See Fla.R.Crim.P. 3.150(a) and 3.151(a). In Paul v. State, 385 So.2d 1371 (Fla. 1980), the authority primarily relied upon by appellant, the issue was the propriety *309 of consolidating multiple offenses where some of the offenses were committed contemporaneously but others were committed five weeks apart. Paul actually supports the appellee's position that the denial of severance was proper. Although the Paul court held that it was error for the trial judge to consolidate for trial two charges for similar crimes that occurred five weeks apart it did so by adopting the dissenting opinion in Paul v. State, 365 So.2d 1063 (Fla. 1st DCA 1979), as it relates to the consolidation of related offenses. In this dissent Judge Smith wrote "[t]here is no question here of the propriety of charging and trying together, in Case No. 77-560, the sexual offenses committed within an hour on different victims in nearby FSU dormitories." Paul v. State, 365 So.2d at 1065. See also Bundy v. State, 455 So.2d 330 (Fla. 1984). The determination of whether severance or joinder is proper, and whether Williams rule evidence should be admitted, is made in substantially the same fashion. This approach is proper, both legally and logically, since the underlying question is whether the joinder, the failure to sever, or the admission of Williams rule evidence will unfairly prejudice the defendant. Under the facts in this case joinder of the two charges was proper, and the admission of evidence of either offense in the trial of the other, as Williams rule evidence, would have been proper. There was no abuse of discretion by the trial judge in denying the defendant's motion for severance.
There is no presentence investigation report in the record but a police report included in the Uniform Commitment to Custody for appellant's prior offenses makes it appear that his three prior felony convictions for committing a lewd and lascivious act in the presence of a child all arose out of a single instance of "flashing", before several people, three of whom apparently were under the age of 14. The judge's statements during the sentencing hearing that "I consider Mr. Spivey to be somebody with a very dangerous sexual problem" and "it would be clear that Mr. Spivey does pose a threat... . He had prior sexual offenses of a similar nature ... these are technically in an escalating pattern" are bare conclusions and do not meet the standard for specification of reasons why appellant is dangerous and must be incarcerated for an extended term in order to protect the public. The fact that the appellant had a guidelines score of 437 points and that the guidelines called for a 20 year sentence is misleading, since, as noted above, the appellant's three prior felony convictions all arose out of a single instance of indecent exposure. The convictions presumably would have been misdemeanor indecent exposure convictions but for the fact that the woman he "flashed" had her children with her so the act became, legally, multiple felony offenses of lewd and lascivious behavior in the presence of a child, instead of mere indecent exposure.
The sentence as an habitual offender is reversed and the case is remanded for resentencing. Upon remand the sentences should be corrected to properly reflect credit for time served on all sentences. AFFIRMED in part, REVERSED in part and REMANDED for further proceedings consistent with this opinion.
BOOTH and SHIVERS, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).