547 So.2d 289 (1989)
Robby Douglas PUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2322.
District Court of Appeal of Florida, First District.
August 4, 1989.
*290 Michael E. Allen, Public Defender, Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Virlindia A. Sample, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Chief Judge.
Appellant, Robby Douglas Pugh, appeals the trial court's order finding him to be a habitual felony offender pursuant to section 775.084, Florida Statutes, and imposing an enhanced sentence of ten years. We reverse and remand for resentencing.
In order to impose an enhanced sentence under the habitual offender statute, the trial court must make specific findings of fact which show on their face that an extended term is necessary in order to protect the public from the defendant's further criminal conduct. A mere conclusory statement that a finding of habitual offender was necessary to protect the public is insufficient. Rosemond v. State, 489 So.2d 1185 (Fla. 1st DCA 1986); Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984). In the instant case, the trial court merely referred to appellant's criminal history and concluded that an extended sentence was necessary for the protection of the public. As in this court's decision in Spivey v. State, 533 So.2d 306 (Fla. 1st DCA 1988), the court's bare conclusions "do not meet the standard for specification of reasons why appellant is dangerous and must be incarcerated for an extended term in order to protect the public." 533 So.2d at 309. Cf. Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986) (wherein the trial court stated specific facts and circumstances relied on in concluding that defendant's criminal history indicated he was a danger to the community); White v. State, 481 So.2d 1258 (Fla. 2d DCA 1986) (wherein the trial court analyzed defendant's conduct and noted that it demonstrated a conscious pattern of lawlessness).
Accordingly, we vacate the trial court's habitual offender finding and reverse and remand for resentencing. The trial court may reconsider application of the habitual offender statute upon resentencing and, in the event the statute is found to apply, state specific reasons in support of its conclusion that an enhanced sentence is necessary for the protection of the public. Meehan v. State, 526 So.2d 1083 (Fla. 4th DCA 1988).
REVERSED and REMANDED.
SMITH and BARFIELD, JJ., concur.