559 So.2d 1293 (1990)
Kenneth ADAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1227.
District Court of Appeal of Florida, Third District.
April 24, 1990.
*1294 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and GODERICH, JJ.

CORRECTED OPINION
PER CURIAM.
Kenneth Adams ("Adams") appeals from judgments of conviction and sentences for *1295 attempted robbery and resisting an officer without violence. We affirm his convictions, reverse the sentences and remand for re-sentencing within the guidelines.
During jury selection, the state used its only peremptory challenge to exclude the first black prospective juror, Ms. Addie Arlington, from the panel. Then the following exchange took place:
MR. BRENER [defense counsel]: The state has bumped Ms. Arlington, who the record should reflect is a black juror, and my client is black, and I don't believe the state has any reasonable explanation for it. She is part of a minority.
THE COURT: There is no evidence of any systematic exclusion at this point. Excuse me; the Court feels that Sylvia Dougherty is of the black race and she is on the jury.
The jury found Adams guilty of attempted robbery and resisting an officer without violence. After the jury had been polled, the judge made the following comment:
One thing I will comment on. I have been involved in my seventeen years working around here in approximately three hundred or so jury trials, and it never ceases to amaze me how you can take six people who never met each other and throw them into a room together, and 99.9 percent of the time they come back with the right decision.
Defense counsel moved for a new trial based in part on this comment by the trial judge. The motion for a new trial was denied.
Adams was adjudicated guilty in accordance with the jury's verdicts. The sentencing guidelines recommended seven to nine years in prison. However, the trial judge found Adams to be a habitual offender who posed a threat to the public and imposed an enhanced sentence of ten years for attempted robbery and a consecutive one year term of imprisonment for resisting an officer without violence. Adams filed this appeal.
Adams contends that the trial court erred for the following reasons: (1) in failing to conduct an inquiry, as mandated by State v. Neil, 457 So.2d 481, 486 (Fla. 1984), clarified sub nom. State v. Castillo, 486 So.2d 565 (Fla. 1986), and State v. Slappy, 522 So.2d 18, 22 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), into the state's reasons for peremptorily excluding the first black juror on the panel; (2) by commenting on the jury's ability to make the right decision; (3) in failing to make any factual findings in support of the habitual offender sentence; and (4) in departing from the sentencing guidelines based solely upon Adams' status as an habitual offender.
Adams' first contention was that the court should have conducted a Neil inquiry. In Neil, the Court established the procedure to be followed when a party seeks to challenge the opposing party's peremptory excusals:
A party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race.
457 So.2d 481, 486 (Fla. 1984).
On this issue, the first hurdle that must be overcome is whether defense counsel properly objected to the state's exercise of the challenge. The objectives of the contemporaneous objection rule are to "apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal". Castor v. State, 365 So.2d 701 (Fla. 1978). These objectives were accomplished in the present case when defense counsel: (1) pointed out that the juror struck by the state is black, (2) pointed out that Adams is black, and (3) asserted that the state could not furnish a reasonable explanation for challenging the black juror. The trial judge's response indicates that he had been apprised of the putative error, but felt that no error had occurred at that point in the proceedings. Accordingly, a timely objection was made *1296 and the issue is preserved for appellate review.
The next hurdle that must be overcome is the crucial question of whether the record demonstrates the requisite "likelihood" that the black juror was challenged by the state solely on grounds of race. In Parrish v. State, 540 So.2d 870 (Fla. 3d DCA), review denied, 549 So.2d 1014 (Fla. 1989), the court found that there was no indication that the challenged juror would be partial or unfair, and that, therefore, the striking of this juror demonstrated a strong likelihood that the juror was rejected on racial grounds. However, in the present case the trial transcript reflects that during voir dire the court discovered that Ms. Arlington, the prospective black juror, had had her house broken into a few years before and that her son had been accused of assaulting a family. These events could affect a prospective jurors' ability to make an impartial decision.
The trial judge is in the best position to determine whether there is a need for an explanation of challenges on the basis that they are racially motivated. Thomas v. State, 502 So.2d 994, 996 (Fla. 4th DCA), review denied, 509 So.2d 1119 (Fla. 1987). See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In the present case, by the time Ms. Arlington was challenged, the trial judge had already heard the answers she had given during questioning. He had heard the tone of her voice. The judge was satisfied that the questioned challenges were not exercised solely because of the juror's race. Adams failed to demonstrate that there was a strong likelihood that black prospective jurors were challenged solely on the basis of their race. See Woods v. State, 490 So.2d 24 (Fla.), cert. denied, 479 U.S. 954, 107 S.Ct. 446, 93 L.Ed.2d 394 (1986). The record does not reveal the requisite likelihood of discrimination to require an inquiry by the trial court. In fact, we find, just as the court did in Parker v. State, 476 So.2d 134 (Fla. 1985), that this record reflects nothing more than a normal jury selection process. For these reasons, the trial court did not err in failing to inquire into the state's motives for excluding Ms. Arlington.
Adams next contends that the trial judge erred by commenting on the jury's ability to make the right decision in contravention of the Florida Rules of Criminal Procedure. Rule 3.451, Florida Rules of Criminal Procedure (1989), imposes the following mandatory restriction on trial judges: "While it is appropriate for the court to thank jurors at the conclusion of a trial for their public service, the court shall not praise or criticize their verdict." Further, rule 3.600, Florida Rules of Criminal Procedure (1989), states in pertinent part:
(b) The court shall grant a new trial if any of the following grounds is established, providing substantial rights of the defendant were prejudiced thereby:
* * * * * *
(8) That, for any other cause not due to defendant's own fault, he did not receive a fair and impartial trial.
A violation of Rule 3.451 would constitute grounds for a new trial under, Rule 3.600(b)(8) if the trial judge's comment on the verdict indicated that he had not been impartial during the trial. This is not the case here. The comment made by the judge after polling the jury merely praised the jury process, not the jury's verdict. The record does not support the claim that the court expressed any bias during the trial. Even if the comment was improper under Rule 3.451, it would not justify a new trial because it does not seriously affect the fairness of the trial as required by Atkins v. State, 210 So.2d 9, 10 (Fla. 1st DCA 1968), cert. discharged, 218 So.2d 748 (Fla. 1969), cert. denied, 396 U.S. 859, 90 S.Ct. 128, 24 L.Ed.2d 111 (1969). For these reasons the trial court did not err by commenting on the jury's ability to reach a decision.
Adams next contends that the trial judge erred in failing to make any factual *1297 findings in support of the habitual offender sentence. The habitual offender statute, section 775.084, Florida Statutes (1987), requires that the trial judge make findings of fact in support of the imposition of an extended sentence. These findings must show on their face that an extended term is necessary in order to protect the public from the defendant's further criminal conduct. Pugh v. State, 547 So.2d 289 (Fla. 1st DCA 1989); Bohannon v. State, 546 So.2d 1081 (Fla. 3d DCA 1989); Weston v. State, 452 So.2d 95 (Fla. 1st DCA), rev. denied, 456 So.2d 1182 (Fla. 1984). These specific findings need not be in writing so long as they are made at a reported judicial proceeding. Parker v. State, 546 So.2d 727 (Fla. 1989). A mere reference to a defendant's criminal history and a conclusory statement that a finding of habitual offender was necessary to protect the public is insufficient. Pugh v. State, 547 So.2d 289 (Fla. 1st DCA 1989); Scott v. State, 423 So.2d 986 (Fla. 3d DCA 1982). In Pugh, the court merely referred to the appellant's criminal history. By contrast, in the present case, the court relied not only upon Adams' criminal history, but also upon other documents submitted by the State Attorneys' Office, and the presentence investigation. Therefore, the findings of the trial court are supported by the record. For these reasons, Adams was properly found to be an habitual offender.
Finally, Adams contends that the trial court erred in departing from the sentencing guidelines based solely upon Adams' status as an habitual offender. The recommended guidelines sentence in the present case was seven to nine years imprisonment. The judge departed from the guidelines and imposed an enhanced sentence of ten years for attempted robbery and a consecutive one year term of imprisonment for resisting an officer without violence. The only written reason given by the trial judge for his departure from the guidelines was Adams' status as an habitual offender.
A trial judge may not depart from the sentencing guidelines based solely upon the defendant's status as an habitual offender. State v. Brown, 530 So.2d 51 (Fla. 1988); Whitehead v. State, 498 So.2d 863 (Fla. 1986); Knowles v. State, 550 So.2d 1133 (Fla. 3d DCA 1989). As the reason for departure appearing on the record is invalid, this cause must be remanded for resentencing within the guidelines.
Affirmed in part, reversed in part and remanded.