PER CURIAM.
This is an appeal by the defendant William Jennings from final judgments of conviction and sentences for second-degree murder with a firearm, burglary with a firearm, attempted robbery with a firearm, attempted second-degree felony murder, false imprisonment with a firearm, shooting a firearm within an occupied dwelling, and possession of a firearm during the commission of a felony. We affirm.
First, we find no error in the trial court’s denial of a Neil inquiry after the state exercised a peremptory challenge on a black juror, Mr. Winston. There was no showing of a substantial likelihood that this peremptory challenge was being exercised solely on the basis of race, as required in order to trigger a Neil inquiry. State v. Neil, 457 So.2d 481, 486 (Fla.1984); Adams v. State, 559 So.2d 1293, 1296 (Fla. 3d DCA), dismissed, 564 So.2d 488 (Fla.1990). Nor was it necessary later to conduct such an inquiry, as urged, following a rather confusing colloquy between the court and counsel concerning the state’s initial motion to challenge another black juror for cause. Contrary to the defendant’s argument, we conclude, based on the *632 totality of the record, that the court did not, in fact, conduct a Neil inquiry with reference to this juror and merely disallowed a challenge for cause, not a peremptory challenge by the state. See Taylor v. State, 583 So.2d 323 (Fla.1991).
Second, we conclude that the evidence adduced at trial was sufficient to sustain a conviction for burglary with a firearm. The proofs adduced at trial established that whatever consent the defendant had to enter the subject pawnshop was implicitly withdrawn when the defendant participated in committing an attempted armed robbery therein, which, in turn, led to the commission of additional crimes, including a murder and false imprisonment. Consequently, the evidence was more than sufficient to establish that the defendant remained in a structure while armed with intent to commit an offense therein, in violation of Section 810.02(2)(b), Florida Statutes (1991). Ray v. State, 522 So.2d 963 (Fla. 3d DCA), rev. denied, 531 So.2d 168 (Fla.1988).
The convictions and sentences under review are therefore affirmed. This disposition, however, shall be without prejudice to the defendant’s seeking collateral attack relief under Florida Rule of Criminal Procedure 3.850 as to the possession of a firearm conviction based on double jeopardy grounds, a point which has not been raised on this appeal. See Cleveland v. State, 587 So.2d 1145 (Fla.1991).
Affirmed.