659 So.2d 457 (1995)
George Wayne SHEPPARD, Appellant,
v.
STATE of Florida, Appellee.
No. 94-991 & 94-1485.
District Court of Appeal of Florida, Fifth District.
August 18, 1995.
*458 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for appellee.
THOMPSON, Judge.
George Wayne Sheppard appeals the judgment and sentences entered after his jury convictions for capital sexual battery[1] and lewd and lascivious acts on a minor child.[2] Because Sheppard filed separate notices of appeal for each count, we have consolidated the two appeals. On appeal, Sheppard raises two claims of error: first, that the trial court improperly admitted Williams[3] Rule evidence; and second, that the trial court improperly modified a jury instruction. Finding no error, we affirm the convictions.
We first conclude that the Williams Rule evidence was properly admitted to illuminate a material fact in issue, the victim's credibility. See State v. Rawls, 649 So.2d 1350, 1353-54 (Fla. 1994). The victim, C.W., was the sole eyewitness. Defense counsel attacked C.W.'s credibility in opening statement by pointing out that C.W. did not mention the allegation of sexual misconduct until about three and one-half years after the event, and again in cross-examination by insinuating that C.W. had concocted her story after being exposed to magazine articles and television shows on the subject, or because she was having some type of teenage problem. In light of defense counsel's allegations and insinuations that C.W. fabricated the sexual abuse, C.W.'s credibility became the primary issue at trial. See also Belcher v. State, 646 So.2d 231, 232-33 (Fla. 5th DCA 1994). The testimony by Sheppard's daughter, S.S., as to how Sheppard sexually assaulted her was sufficiently similar to C.W.'s testimony, and this evidence was relevant to corroborate C.W.'s testimony. Rawls, 649 So.2d at 1353.
This conclusion is further supported by the trial court's finding that a familial relationship existed between Sheppard and C.W. See Saffor v. State, 20 Fla. L. Weekly S335 (Fla. July 13, 1995) (because the parameters of the traditional family are less clearly defined in today's society, one of the features *459 of a familial relationship is a recognizable bond of trust between the defendant and the victim). C.W.'s father was Sheppard's nephew by marriage. Sheppard, C.W., and C.W.'s parents lived together as an extended family, taking their meals and traveling together. They saw each other daily, and C.W.'s mother gave C.W. permission to be in Sheppard's bed. Although Sheppard was not tried for sexual activity with a child while in a position of familial or custodial authority,[4] in admitting the Williams Rule evidence, the trial court properly considered evidence of the familial relationship between Sheppard and C.W. See Heuring v. State, 513 So.2d 122, 125 (Fla. 1987); cf. State v. O'Brien, 633 So.2d 96, 99 (Fla. 5th DCA), review denied, 639 So.2d 981 (Fla. 1994). In Saffor, the Florida Supreme Court held that evidence of a collateral sex crime must meet a two-prong test before such evidence is admissible in familial relationship cases: (1) there must be a showing that the collateral crime and the charged offense occurred in the familial context and (2) there must be an additional showing of similarity. Saffor, 20 Fla. L. Weekly at S337. Here, the evidence presented met both prongs of the test.
Finally, we note that the trial judge properly cautioned the jury as to the purpose for which it could consider the Williams Rule evidence. The cautionary jury instruction helped to ensure that the probative value of the evidence was not outweighed by any unfair prejudice. See United States v. Clemons, 676 F.2d 122, 124 (5th Cir.1982). In this regard, we also note that the evidence did not become a feature of the trial because S.S.'s testimony was brief and was not overly emphasized by the state. See Adkins v. State, 605 So.2d 915, 918 (Fla. 1st DCA 1992).
We also find no merit to Sheppard's second argument on appeal that the trial judge erred in adding the following underlined language to the standard jury instruction on similar fact evidence:
The evidence which has been admitted to show similar crimes, wrongs, or acts allegedly committed by the defendant will be considered by you only as that evidence relates to the proof of the absence of mistake or accident on part of the defendant and corroboration of the testimony of [C.W.] regarding the alleged criminal conduct charged in this case.[5]
Sheppard argues that this amended instruction created the impression that the court was commenting on the evidence introduced at trial. We disagree.
Trial judges have wide discretion in decisions regarding jury instructions, and the appellate courts will not reverse a decision regarding an instruction in the absence of a prejudicial error that would result in a miscarriage of justice. Goldschmidt v. Holman, 571 So.2d 422 (Fla. 1990). In Rawls, the Florida Supreme Court upheld a similar amendment which instructed the jury that it could consider evidence of similar acts "to corroborate the testimony of the alleged victim in this case." 649 So.2d at 1351. We see no difference between the instruction given in Rawls and the instruction in this case. The trial judge's instruction was supported by the evidence and by the law. Accordingly, we affirm Sheppard's convictions.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] § 794.011(2), Fla. Stat. (1989). The victim was 11 years old.
[2] § 800.04(1), Fla. Stat. (1989).
[3] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); § 90.404(2)(a), Fla. Stat. (1993).
[4] § 794.041, Fla. Stat. (1989).
[5] Fla.Std. Jury Instr. (Crim.) 3.08.