546 So.2d 1081 (1989)
Samuel Lee BOHANNON, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1213.
District Court of Appeal of Florida, Third District.
June 13, 1989.
Rehearing Denied August 21, 1989.
Bennett H. Brummer, Public Defender, and Kathryn S. Pecko, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
Defendant seeks review of his conviction and the enhanced sentence imposed for trespass, attempted burglary, and battery *1082 of a police officer. We affirm his conviction but vacate his enhanced sentence and remand to the trial court for resentencing.
The state filed a five-count information charging defendant with two counts of burglary of a structure, battery on a law enforcement officer, depriving an officer of means of protection or communication, and resisting an officer with violence. A plea of not guilty was entered and the case proceeded to jury trial. After closing argument, the court instructed the jury on burglary, attempted burglary, trespass, depriving an officer of a means of communication, battery of a law enforcement officer, resisting an officer with violence, resisting an officer without violence and self defense. After the jury retired to deliberate, it sent a note requesting a copy of laws or guidelines distinguishing between burglary, attempted burglary and trespassing. Defendant requested that the court bring out the jury and read the requested instructions. Over defense objection, the court sent the three written instructions back to the jury room. The jury found defendant guilty of trespass, attempted burglary and battery of a law enforcement officer. At the sentencing hearing, the judge stated, "I do find from this appalling record, Mr. Bohannon, that you are a disgrace and I am, for the necessity of the protection of the public, sentencing you under statute number 775.084... ." The court then sentenced defendant to one year on the trespass count, ten years on the attempted burglary count, and ten years on the count for battery of an officer, the sentences to run consecutively.
First, appellant claims that the trial court violated Florida Rule of Criminal Procedure 3.400(c) by sending only part of the written jury instructions to the jury room. To meet the objectives of any contemporaneous objection rule, an objection must be sufficiently specific both to appraise the trial judge of the putative error and to preserve the issue for intelligent review on appeal. Castor v. State, 365 So.2d 701 (Fla. 1978).
In the instant case, after receiving the request for the three written instructions the following exchange occurred:
THE COURT: What I suggest to all of you that I just send with the instructions as they are written.
DEFENSE: [Defense] For the record, we would object, we would request you read them whatever it is they are requesting without sending any copies back. My understanding is that they are requesting burglary, attempted burglary and trespass to be, you know, to be instructed again and we would request that you orally instruct them as opposed to sending them back into the jury room.
THE COURT: Can you state a reason?
DEFENSE: We don't want them sitting there and spending time examining the legality of the instructions. I think it's superficient that the Court reads them the instructions they are requesting without specifically sending those three instructions alone into the jury room.
THE COURT: Oh, then you want me to send all them back?
DEFENSE: No, what I'm saying is they are asking to be instructed and I'm telling you our position is we request you instruct them verbally.
Although defense counsel made his position to the trial court clear, namely, he wanted the jurors entirely, orally reinstructed, when the trial court determined that only the partial, written jury instructions be sent into the jury room, the defendant failed to raise a contemporaneous objection within the meaning of Castor v. State, 365 So.2d at 701. Consequently, this point is not preserved for review and we do not reach it in this appeal.
Second, defendant claims that the trial court failed to make the requisite findings in connection with his sentence to an extended term under the habitual offender law, section 775.084, Florida Statutes (1987). With this contention, we agree. In order for a defendant to be sentenced to an extended term under this law, the sentencing court must make findings of fact, stating on the record in open court if not in *1083 writing, showing on their face that an extended term is necessary for the protection of the public from further criminal activity of the defendant. Weston v. State, 452 So.2d 95 (Fla. 1st DCA), review denied, 456 So.2d 1182 (Fla. 1984); see Eutsey v. State, 383 So.2d 219, 226 (Fla. 1980); Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979); Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976); § 775.084(3)(d), Fla. Stat. (1987). The trial judge sub judice made no such findings other than his general observation as stated above. Weston, properly applied in this case, requires vacation of the sentence and remand to the trial court for the entry of a proper sentence.
Accordingly, we affirm the judgment of guilt but vacate the sentence insofar as the extended term imposed under the habitual offender law and remand for reconsideration of the imposition of an extended term in compliance with the provisions of section 775.084 and this opinion.
Affirmed in part, reversed in part, and remanded.