546 So.2d 727 (1989)
Timmie Lewis PARKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 73819.
Supreme Court of Florida.
July 27, 1989.
*728 Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and A.E. (Ned) Pooser, IV, Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
We have for review Parker v. State, 538 So.2d 978 (Fla. 1st DCA 1989), in which Parker challenges the validity of his habitual offender sentence because the trial court's findings were not in writing. The district court affirmed the sentence and acknowledged conflict with Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve the district court's decision.
The pertinent facts reflect that the trial court imposed upon Parker an habitual offender sentence pursuant to section 775.084, Florida Statutes (1987),[1] and, in doing so, made specific findings at Parker's sentencing hearing, which was reported by a court reporter. The district court of appeal affirmed the sentence,[2] concluding that the trial court's findings that Parker was an habitual offender were not required to be in writing so long as the express findings required by the statute were made at a reported hearing. Parker, 538 So.2d at 978.
Parker argues that "almost every Florida scheme permitting extraordinary sentencing requires findings of fact and reasons justifying the sentence to be in writing." In this regard, he relies on our decisions and the applicable statute or rule which require written findings to (1) justify the death sentence,[3] (2) sentence a juvenile as an adult,[4] and (3) impose a sentence which departs from the prescribed sentencing guidelines.[5] Parker argues that the *729 same rule should apply to habitual offender sentencing. We disagree. The applicable statute or rule in the three instances relied on by Parker specifically requires the underlying reasons for the sentence to be in writing. To the contrary, section 775.084 contains no such requirement.
We have addressed this identical issue in Eutsey v. State, 383 So.2d 219 (Fla. 1980), and stated:
Section 775.084(3)(d) [Florida Statutes (1977)] requires that the trial court make findings of fact that show on their face that an extended term is necessary to protect the public from defendant's further criminal conduct. These findings, however, need not be in writing but may be reported in a transcript of the sentencing hearing.

Id. at 226 (citation omitted; emphasis added). We hold that a trial judge may properly impose an habitual offender sentence by making the statutorily required findings in a reported judicial proceeding.
We reject as without merit the claim that there was no justification to find the habitual sentence necessary for the protection of the public. The circumstances clearly support the court's finding.
Accordingly, we approve the district court's decision in this cause and disapprove Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987), to the extent that it conflicts with this decision.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The applicable portion of section 775.084, Florida Statutes (1987), states:

(3) In a separate proceeding, the court shall determine if it is necessary for the protection of the public to sentence the defendant to an extended term as provided in subsection (4) and if the defendant is an habitual felony offender or an habitual misdemeanant. The procedure shall be as follows:
(a) The court shall obtain and consider a presentence investigation prior to the imposition of a sentence as an habitual felony offender or an habitual misdemeanant.
(b) Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
(c) Except as provided in paragraph (a), all evidence presented shall be presented in open court with full rights of confrontation, cross-examination, and representation by counsel.
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
(e) For the purpose of identification of an habitual felony offender or an habitual misdemeanant, the court shall fingerprint the defendant pursuant to s. 921.241.
[2] The sentence was within the guidelines range and there is no claim that it was a departure sentence.
[3] § 921.141(3), Fla. Stat. (1987); Cave v. State, 445 So.2d 341 (Fla. 1984).
[4] § 39.111(7)(d), Fla. Stat. (1987); State v. Rhoden, 448 So.2d 1013 (Fla. 1984).
[5] Fla.R.Crim.P. 3.701(d)(11); State v. Jackson, 478 So.2d 1054 (Fla. 1985), overruled on other grounds, Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).