555 So.2d 389 (1989)
Carlos OROPESA and Miguel Jesus Querejeta, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 89-83, 89-173.
District Court of Appeal of Florida, Third District.
November 14, 1989.
Rehearing Denied February 2, 1990.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, and Sheryl J. Lowenthal, Sp. Asst. Public Defender, for appellants.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and LEVY, JJ.
NESBITT, Judge.
Both Carlos Oropesa and Miguel Querejeta were tried and found guilty of burglary of a dwelling with an assault, robbery, *390 and attempted first-degree murder with a weapon. Querejeta claims inflammatory prosecutorial comments require reversal. Oropesa claims error in his conviction for attempted felony murder. Both defendants claim that the trial court erred in sending partial written instructions to the jury during their deliberations and ordering restitution before holding a hearing on defendants' ability to pay. We affirm defendants' convictions but reverse and remand as to the restitution awarded.
Manny Rivers took his car to the defendants for repair. When Rivers was not satisfied with defendants' repair work, Rivers cancelled his check payment and left town on a vacation with his family. Shortly after the family's return home, defendants forced their way into the Rivers' home and a fight ensued. Mrs. Rivers left the house to call police. Mr. Rivers attempted to retrieve his gun which was in an upstairs room. Querejeta took the keys to the Rivers' car. Mrs. Rivers by then had returned to the scene and was standing behind the auto telling Querejeta not to take the vehicle. Mr. Rivers retrieved his pistol and aimed it at Querejeta when the ammunition clip disengaged effectively disarming the weapon. Querejeta put the auto in reverse and struck Mrs. Rivers. Querejeta put the car into forward and then reverse a second time before leaving the scene. Mrs. Rivers was taken to the hospital and eventually her leg was amputated as a result of the incident. The Rivers' car was later found at the defendants' business. At trial, in addition to the sentences imposed, defendants were ordered to make restitution for Mrs. Rivers' injury.
We entirely agree with the defendants' claim that it was error to order them to make restitution without first conducting an inquiry into each defendant's ability to pay restitution. See Thomas v. State, 517 So.2d 132 (Fla. 4th DCA 1987) (inadequacy of hearing on defendant's financial resources warranted reversal of restitution order); Amison v. State, 504 So.2d 473 (Fla. 2d DCA 1987) (trial court erred in imposing costs without prior consideration of defendant's ability to pay); Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984) (same); § 775.089(6), Fla. Stat. (1987). At that inquiry, it will be each defendant's burden to demonstrate his financial resources and the financial needs of himself and his dependents. § 775.089(7), Fla. Stat. (1987). However, as to all other points, we affirm on the following analysis.
First, we reject defendant Oropesa's claim that the evidence was insufficient to warrant his conviction of attempted first-degree murder on a charge of attempted felony murder. In that regard, we entirely agree with Amlotte v. State, 456 So.2d 448, 450 (Fla. 1984) and its clarification in Johnson v. State, 486 So.2d 657 (Fla. 4th DCA 1986). The evidence demonstrated Oropesa's participation as an aider and abettor, forcing himself into the victim's home and participating in the ensuing fight. Whenever an individual perpetrates or attempts to perpetrate an enumerated felony, and during the commission of the felony the individual commits, aids, or abets a specific overt act which could, but does not, cause the death of another, that individual will have committed the crime of attempted felony murder. Amlotte, 456 So.2d at 449-50.
We also reject the claim of error in the trial court's provision of partial written instructions to the jury during deliberation. The jurors requested that they be re-instructed on attempted second-degree murder, aggravated battery, and felony murder. In response to this request, the court sent the jury the written instructions dealing with homicide. All parties agreed to the procedure employed and no contemporaneous objection was made, making Bohannon v. State, 546 So.2d 1081 (Fla. 3d DCA 1989) and Castor v. State, 365 So.2d 701 (Fla. 1978) dispositive of the issue.
Finally, we address Querejeta's claim that the closing argument of the prosecutor, which we agree was unduly inflammatory, requires reversal. The prosecutor's comment was: "I wish to God that he had it [a gun] downstairs with him. I wish he had it because they would have *391 gotten what they deserved that day breaking into someone's house like that." While we in no way condone this comment,[1] not only was there overwhelming evidence of guilt established against the defendants in the present case but essentially the defendants presented no defense to the accusations against them nor did they object when the comment was made. Further, had such a shooting actually occurred, Mr. Rivers would have had a plausibly justifiable defense in the protection of his wife. See Darden v. State, 329 So.2d 287 (Fla. 1976) (because prosecutor's comment "I wish he had a shotgun in his hand when he walked in the back door and blown his [defendant's] face off," did not deprive defendant of a fair trial, conviction was affirmed); see also Breedlove v. State, 413 So.2d 1 (Fla.) (prosecutor's inflammatory characterization of killing as "savage and brutal and vicious and animalistic attack" not so prejudicial as to require new trial), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 79 L.Ed.2d 149 (1982).
We strongly condemn an assistant state attorney employing the argument made sub judice. However, we conclude that no objection was made to the remark and it was not fundamental error to allow the argument. Although we find the prosecutor's comments most improper, Querejeta was not prejudiced because the evidence of his guilt was overwhelming. Thus, we conclude that there is no reasonable possibility that the error contributed to Querejeta's conviction. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Teffeteller v. State, 439 So.2d 840 (Fla. 1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 754 (1984).
For the foregoing reasons, the defendants' convictions are affirmed but the orders determining restitution are reversed and the case is remanded for further proceedings on that issue.
Affirmed in part and reversed in part.
NOTES
[1] Judges presiding over the trial of a case have a responsibility that exceeds that of merely ruling on motions and objections of the parties. Where appropriate, it is essential that they timely and appropriately require that attorneys adhere to the canons and standards of professional conduct. When counsel fails, the trial judge should mete out the punishment appropriate to the circumstances. Individual professional misconduct should not be punished at the citizen's expense, by reversal and mistrial, but it should be redressed at the attorney's expense through professional sanction. Garron v. State, 528 So.2d 353 (Fla. 1988); Bertolotti v. State, 476 So.2d 130, 133-34 (Fla. 1985); State v. Murray, 443 So.2d 955 (Fla. 1984).