POLEN, Judge.
Appellant Pabon seeks review of the entry of a sentence of life imprisonment for the crime of attempted armed kidnapping in violation of section 787.01, Florida Statutes (1987), count I, and ten years’ imprisonment for the crime of aggravated assault in violation of section 784.021, Florida Statutes (1987), count II. We affirm in part and reverse and remand in part.
At the sentencing hearing, the state moved to aggravate appellant’s sentence beyond the guideline range of seventeen to twenty-two years and to have him declared an habitual offender. The trial court declared appellant an habitual offender, granted the state’s motion and reclassified the offenses. The court’s written order states detailed reasons for departing from the sentencing guidelines. These reasons were also expressly stated in the hearing record. While the trial court stated that appellant should be treated as an habitual offender for “the same reasons” that the court used to exceed the guidelines, it failed to enter a written order so stating.
The habitual offender statute, section 775.084(3)(d), Florida Statutes (1987), provides in pertinent part:
Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
Appellant contends that this section requires that after the trial court makes specific findings of fact and conclusions, it must enter a separate written order setting forth those findings and conclusions prior to habitualizing appellant’s sentence. We disagree. The habitual offender statute allows the enhancement of a defendant’s sentence beyond the recommended guidelines sentence and the maximum statutory penalty where there are valid grounds for departure. Jones v. State, 553 So.2d 702, (Fla.1989).
Appellant’s argument has been addressed several times by the supreme court, most recently in Parker v. State, 546 So.2d 727 (Fla.1989). In Parker, appellant was sentenced under the habitual offender statute. The trial court made specific findings at the sentencing hearing. The proceedings were reported. The district court of appeal affirmed the sentence concluding that the trial court was not required to make its findings in writing so long as the express findings required by the statute were made at a hearing. Id. at 728. The supreme court affirmed the decision of the court of appeal holding that the statute does not require a written order. Id. at 729.
Appellant relies on the holding in Hoefert v. State, 509 So.2d 1090 (Fla.2d DCA 1987), to support its written order requirement. The supreme court, however, *665 disapproved the court’s Hoefert decision in Parker, 546 So.2d at 729. Our review of the record reveals that the trial court made detailed findings of fact and conclusions to support departure from the sentencing guidelines and for habitualization. Thus, we affirm this aspect of the trial court’s ruling.
Appellant’s second point on appeal has merit and we reverse and remand to the trial court for resentencing.
At the sentencing hearing, appellant objected to the introduction of several alleged prior New York convictions under the name of “Andy Rivera.” The state submitted an affidavit from the New York State Department of Criminal Justice Services attesting that based on a fingerprint comparison of appellant’s Florida fingerprints with those on file in New York, appellant and “Andy Rivera” were one and the same person. The trial court received these records into evidence and relied on them during the hearing to aggravate appellant’s sentence and for habitualization. The trial court also admitted a Xerox copy of a photograph taken in New York to further establish appellant’s identity. Appellant strongly disputed that he and “Andy Rivera” were one and the same person.
In Lewis v. State, 514 So.2d 389 (Fla.4th DCA 1987), cause dismissed, 518 So.2d 1276 (Fla.1987), appellant argued that the trial court erred in computing his sentence by relying on hearsay to determine the number of past convictions. There was no dispute concerning the veracity of the alleged convictions, seven of which were corroborated by certified copies. This court concluded that absent an attack on the truth of the statements or documents relied upon, corroboration is not required.
We find that the admission of these items now contested by Pabon was error. In the case at bar, appellant disputes the documents relied upon by the state and the trial court to establish the alleged New York convictions. Thus, the trial court should have conducted an evidentiary hearing to allow the state to produce corroborating evidence through the testimony or depositions of witnesses subject to cross examination. We reject appellee’s argument that these records were properly admitted under sections 90.803(8) and 90.-902(4), Florida Statutes (1987).
Accordingly, we affirm appellant’s conviction and point I on appeal. As to point II, we reverse appellant’s sentence and remand to the trial court. If appellee renews its motion to aggravate and habitualize appellant’s sentence then we direct the trial court to conduct an evidentiary hearing to corroborate the New York convictions and either sentence appellant within the sentencing guidelines or aggravate and habit-ualize appellant’s sentence consistent with this opinion.
ANSTEAD and DELL, JJ., concur.