568 So.2d 511 (1990)
Robert Beeler POWER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 89-1548.
District Court of Appeal of Florida, Fifth District.
October 18, 1990.
James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR CLARIFICATION
GOSHORN, Judge.
Appellee's Motion for Clarification is granted. The opinion issued July 19, 1990 is withdrawn and the following opinion is substituted in lieu thereof.
Robert Power, Jr. appeals the judgment and sentence imposed after a jury returned a verdict finding him guilty of six life felonies, two first degree felonies punishable by life and one second degree felony.[1] The scoresheet total was almost twice that needed to place the recommended sentence at life imprisonment. The trial court departed[2] and sentenced Power to eight consecutive life sentences for all but the second degree felony count, for which Power was given a 30 year sentence consecutive to the life sentences. The trial court provided clear and convincing reasons for the departure sentences. These are not challenged. Power does, however, take issue with the 30 year sentence for the second degree felony, imposed by the trial court after its determination that Power is an habitual offender. Because the trial court failed to make the factual findings required by section 775.084, Florida Statutes, we must vacate the habitual offender sentence. Moreno v. State, 550 So.2d 1172 (Fla. 3d DCA 1989). Although the 1989 version of the habitual offender statute no longer requires that the trial court find that a defendant poses a threat to public safety, the other findings necessary to an habitual offender determination survived the 1988 amendment.[3]Johnson v. State, 564 So.2d 1174 (Fla. 4th DCA 1990); Taylor v. State, 559 So.2d 385 (Fla. 3d DCA 1990). These findings need *512 not be reduced to writing as long as they are made in a reported judicial proceeding. Parker v. State, 546 So.2d 727 (Fla. 1989). Upon remand, the trial court may reconsider application of the habitual offender statute when resentencing Power. Moreno; Pugh v. State, 547 So.2d 289 (Fla. 1st DCA 1989).
Additionally, when imposing sentences for each of the felonies punishable by life, the "habitual offender" boxes were checked on the judgment and sentence form. Because life sentences are not subject to habitual offender enhancement,[4] we assume these are scrivener's errors which the trial court is directed to correct on remand.
Convictions AFFIRMED; Sentence REVERSED in part; REMANDED.
COBB and PETERSON, JJ., concur.
NOTES
[1] A thorough review of the record reveals that of the numerous issues raised by Power, only that discussed above has any merit.
[2] See Rease v. State, 493 So.2d 454 (Fla. 1986).
[3] Ch. 88-131, § 6, Laws of Florida. See § 775.084(3), Fla. Stat. (Supp. 1988).
[4] § 775.084(4)(a) Fla. Stat. (1989).