PER CURIAM.
Defendant Sims appeals the enhancement of his sentence as an habitual offender, imposed after he was convicted of selling cocaine. We reverse the sentence and remand for resentencing.
Defendant correctly asserts that the trial court erred in sentencing him as an habitual offender without making the necessary findings of fact required by section 755.-084(l)(a), Florida Statutes (Supp.1988).[1] Smith v. State, 573 So.2d 194 (Fla. 3d DCA 1991); Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990). “These findings need not be reduced to writing as long as they are made in a reported judicial proceeding.” Power, 568 So.2d at 511-12, citing Parker v. State, 546 So.2d 727 (Fla.1989). Because the trial court did not make the findings required under the statute, the sentence is reversed and the cause is remanded for resentencing. The trial court may resen-tence defendant as an habitual offender if *313 it makes the necessary findings. Smith; Power.
Reversed and remanded.

. The 1988 amendment to section 755.084, Laws 1988, c. 88-131, § 6, effective October 1, 1988, eliminated the additional requirement that “the court determine if it is necessary for the protection of the public to sentence the defendant to an extended term[.]” § 755.084(3), Fla.Stat. (1987). That change did not obviate the need for the trial court to make findings of fact in keeping with subsection (l)(a) of the statute. Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990).