PER CURIAM.
Defendant Larry Banks appeals a sentence the court imposed after Banks was convicted of possession of cocaine with intent to sell. We vacate the sentence and remand for resentencing. Several reasons compel our decision.
First, the court erred in imposing an enhanced sentence pursuant to section 775.-084, Florida Statutes (1987).[1] Defendant’s guideline sentence was 2lh to 3½ years in prison. The trial court sentenced defendant as an habitual offender to five years imprisonment, but did not provide reasons for the departure sentence. “[Djefendant’s status as an habitual offender [does] not justify a departure from the recommended guidelines sentence.” Winters v. State, 522 So.2d 816, 817 (Fla.1988); State v. Brown, 530 So.2d 51 (Fla.1988); Whitehead v. State, 498 So.2d 863 (Fla.1986). Thus, the sentence is an impermissible departure from the guidelines. Brown; Whitehead; Adams v. State, 559 So.2d 1293 (Fla. 3d DCA 1990).
Second, the trial court erred in finding that defendant is an habitual offender without making the requisite statutory findings set forth in section 775.084. Bohannon v. State, 546 So.2d 1081 (Fla. 3d DCA 1989), review denied, 557 So.2d 35 (Fla.1990).
Finally, the state correctly concedes that the trial court improperly scored as a prior conviction an offense which was committed after the primary offense. Thorp v. State, 555 So.2d 362 (Fla.1990).
*756 On remand, the court may determine that defendant is an habitual offender upon making the necessary findings.[2] See Sims v. State, 574 So.2d 312 (Fla. 3d DCA 1991). However, the trial court must recalculate the scoresheet and impose a guideline sentence. Pope v. State, 561 So.2d 554 (Fla.1990); Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Sentence vacated and remanded.

. Defendant committed this offense prior to the effective date of the 1988 amendment to section 775.084, Fla.Stat. (Supp.1988). Section 775.084, Fla.Stat. (1987) is applicable to this case.

. Although the trial court may not impose an enhanced sentence, it is within its discretion to determine that defendant is an habitual offender. State v. Padron, 571 So.2d 102 (Fla. 3d DCA 1990).