PER CURIAM.
Arthur King Forrest appeals his conviction and the ensuing sentence which included habitualization and enhancement.
We affirm the conviction, finding that appellant waived the right to consolidation of the charges against him. Fla. R.Crim.P. 3.151(b); State v. Harris, 357 So.2d 758 (Fla. 4th DCA 1978). Having done so, he was not entitled to subsequent discharge on the related felony charges after trial on the misdemeanor charges.
The trial court declared appellant a habitual offender, reciting that the court “finds he’s a danger for the community and for the protection of the public, he ought to be confined for a longer period of time than the sentencing guidelines.”
This case is governed by the 1987 version of the habitual offender statute because appellant committed the instant crimes in August 1988; the 1988 amendment to section 775.084 was not effective until October 1, 1988. The 1987 version required the trial court to find that an extended term of incarceration was necessary for the protection of the public. § 775.084(3), Fla.Stat. (1987); Eutsey v. State, 383 So.2d 219 (Fla.1980). The findings need not be in writing; it is sufficient if they appear in the transcript. Parker v. State, 546 So.2d 727 (Fla.1989); Eutsey, 383 So.2d at 226 (citing King v. State, 369 So.2d 1031 (Fla. 4th DCA 1979)).
*976 There are no magic words that constitute specific findings of fact. Winters v. State, 500 So.2d 303, 305 (Fla. 1st DCA 1986), approved, 522 So.2d 816 (Fla.1988). However, the necessary findings must explain the reason why the defendant is dangerous. Bohannon v. State, 546 So.2d 1081, 1082 (Fla. 3d DCA 1989) (citing Spivey v. State, 533 So.2d 306, 309 (Fla. 1st DCA 1988)), rev. denied, 557 So.2d 35 (Fla. 1990). It is not enough for the court, as it did here, merely to make a conclusory statement parroting the language of the statute that an extended term of incarceration is necessary for the protection of the public. Pugh v. State, 547 So.2d 289, 290 (Fla. 1st DCA 1989) (mere conclusory statement and reference to appellant’s criminal history not enough); Bohannon (statement that “I do find from this appalling record, Mr. Bohannon, that you are a disgrace and I am, for the necessity of the protection of the public, sentencing you” as a habitual offender not enough), 546 So.2d at 1082; Sims v. State, 487 So.2d 37 (Fla. 2d DCA 1986) (mere statement that enhanced sentencing is necessary for protection of the public due to appellant’s continuing criminal activity not enough).
Upon resentencing, the trial court may again habitualize appellant if it makes proper findings in support of this decision. King v. State, 580 So.2d 169 (Fla. 4th DCA 1991) (en banc).
Appellant next argues that his status as a habitual offender is not a valid reason for departure under the pre-1988 version of the statute. State v. Brown, 530 So.2d 51 (Fla.1988); Whitehead v. State, 498 So.2d 863 (Fla.1986); King v. State, 511 So.2d 1131 (Fla. 4th DCA 1987), approved, 520 So.2d 582 (Fla.1988). The trial court here gave no other written or oral reason for departure. Therefore, appellant is correct that the trial court erred in departing from the guidelines range.
Upon remand, appellant must be sentenced within the guidelines. See, e.g., Pope v. State, 561 So.2d 554 (Fla.1990).
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GLICKSTEIN, C.J. and ANSTEAD and HERSEY, JJ., concur.