COWART, Judge.
The trial court adjudicated the defendant to be an habitual felony offender but did not make any specific findings of fact to support the adjudication. The trial court then sentenced the defendant as an habitual felony offender on Count I (sale of cocaine within 1,000 feet of a school (§ 893.13(l)(e), Fla.Stat.) (a first degree felony) to a 30 year term of imprisonment with a ten year minimum mandatory sentence citing section 775.084, Florida Statutes. However, in open court, the trial court announced that the defendant was adjudged an habitual felony offender on Count I and was sentenced to 30 years with a minimum mandatory sentence of three years with no parole on Count I for 10 years.
The State argues that although the trial court made no specific formal findings, the imposition of the habitual felony offender status was supported by the PSI relied on by the trial court, citing Rowland v. State, 583 So.2d 813 (Fla. 2d DCA 1991). The PSI in the record does not meet the statutory requirements of specific findings to support an habitual felony offender status.
We reverse the trial court's adjudication that the defendant was an habitual felony offender because the trial court did not make the prerequisite findings of fact re *771 quired by section 775.084(3)(d), Florida Statutes. Parker v. State, 546 So.2d 727 (Fla.1989); Walker v. State, 462 So.2d 452 (Fla.1985); Eutsey v. State, 383 So.2d 219 (Fla.1980); Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990); Smith v. State, 573 So.2d 194 (Fla. 3d DCA 1991). As stated by the supreme court in Walker at 454:
We hold that the findings required by section 775.084 are critical to the statutory scheme and enable meaningful appellate review of these types of sentencing decisions. Without these findings, the review process would be difficult, if not impossible. It is clear the legislature intended the trial court to make specific findings of fact when sentencing a defendant as a[n] habitual offender. Given this mandatory statutory duty, the trial court’s failure to make such findings is appealable regardless of whether such failure is objected to at trial, (emphasis added).
The sentence imposed on Count I is unauthorized because the habitual felony offender statute only authorizes a 10 year minimum mandatory sentence for defendants found to be habitual violent felony offenders and the defendant was only found to be an habitual offender. (§' 775.-084(4)(a) & (b), Fla.Stat.). Therefore, because the defendant was found only to be an habitual felony offender (which finding we also reverse), and not an habitual violent felony offender, we vacate that sentence and remand for resentencing.
The trial court, on resentencing, may reconsider the defendant’s habitual felony offender status and reimpose that status after making specific findings of fact as required by the statute, Walker, and other cases.
The adjudication that the defendant is an habitual felony offender is reversed, his sentence vacated and the cause remanded for further proceedings.
REVERSED and REMANDED.
GOSHORN, C.J., and COBB, J., concur.