605 So.2d 994 (1992)
James HARPER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-33.
District Court of Appeal of Florida, Fifth District.
October 9, 1992.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
*995 Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Harper appeals his adjudication as a habitual felony offender and 4 1/2 year sentence received pursuant to that classification. Harper initially tendered and the trial court accepted a negotiated plea of nolo contendere to battery on a law enforcement officer. As a term of the plea bargain, the prosecutor recommended and the judge agreed to a 5 year sentencing cap as a habitual offender. At sentencing, the trial judge was presented with Harper's prior judgments and sentences starting from 1973. The trial judge orally adjudicated Harper as a habitual felony offender. Harper argues on appeal that the trial court erred by not making the requisite statutory findings concerning his habitual offender status on the record. See generally, § 775.084(3), Fla. Stat. (1991).
In Powell v. State, 596 So.2d 770 (Fla. 5th DCA 1992), as in the present case, the trial court adjudicated the defendant to be a habitual felony offender but did not make any specific findings of fact on record to support the classification. The state argued that despite the lack of specific formal findings, the imposition of the habitual felony offender sentence was supported by the PSI relied on by the trial court. This court held that the PSI record did not meet the statutory requirement of specific findings, and reversed the habitual offender adjudication and vacated the sentence. See also Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990) (Habitual Offender Act as amended in 1988 still requires findings of fact).
In the present case, there was no discussion at sentencing as to Harper's prior felony convictions with the exception of a 1981 conviction that was initially disputed. Furthermore, there was no discussion as to whether the present offense was committed within five years from Harper's release from prison on a felony or from the conviction date of the last prior felony. See § 775.084(1)(a), Fla. Stat. (1991).
Habitual offender findings need not be in writing as long as they are made in a reported judicial proceeding. See Parker v. State, 546 So.2d 727 (Fla. 1989). In the present case, the record is devoid of any findings, written or transcribed. The error is compounded because the certified copies of the prior judgments and sentences were not filed and made part of the record.
Although Harper accepted the prosecutor's recommendation for habitual offender sentencing as a term of the plea agreement, he did not expressly waive his right under the habitual offender statute to findings of fact, nor stipulate to his status as a habitual offender. Cf. Greenlee v. State, 591 So.2d 310 (Fla. 2d DCA 1991); Jefferson v. State, 571 So.2d 70 (Fla. 1st DCA 1990). A negotiated plea agreement to be sentenced as a habitual offender may be considered a waiver of the statutory notice requirement, but not a waiver of the fact-finding process. See Johnson v. State, 597 So.2d 353 (Fla. 1st DCA 1992).
The state argues that it may be inferred from the sentencing transcript that the trial judge reviewed the documentary evidence presented by the prosecutor and made the necessary factual findings before adjudicating Harper as a habitual offender. This argument runs contrary to supreme court decisions which have held that specific findings regarding habitual offender status must be made on the record to provide meaningful appellate review. See, e.g., Parker v. State, 546 So.2d 727 (Fla. 1989); Walker v. State, 462 So.2d 452 (Fla. 1985).
We reverse the habitual offender adjudication and vacate the sentence, and remand for resentencing. The trial court may again determine whether Harper is eligible for sentencing as a habitual offender.
SENTENCE VACATED and REMANDED.
GOSHORN, C.J., and HARRIS, J., concur.