PER CURIAM.
The State charged the defendant with the machine-gun slaying of Jairo Montoya, committed in the presence of several witnesses, allegedly in reprisal for the victim’s harassment of the defendant’s friend over a drug debt. This appeal from a conviction for first-degree murder raises three issues as error: (1) a prior inconsistent statement of the State’s main witness should not have been excluded; (2) the trial court should have instructed the jury on all degrees of homicide and given the long-form definition of excusable homicide in response to a query by the jury; and (3) the response to the jury’s question should have been given in the courtroom rather than by a note sent to the jury room.
After review of the record, we conclude that it is unnecessary to reach the merits because the points raised on appeal were either not preserved by a timely objection, were abandoned, or were expressly acquiesced to by the defendant. See Castor v. State, 365 So.2d 701 (Fla.1978); Oropesa v. State, 555 So.2d 389 (Fla. 3d DCA1989), rev. denied, 562 So.2d 346 (Fla.1990); Bohannon v. State, 546 So.2d 1081 (Fla. 3d DCA1989), rev. denied, 557 So.2d 35 (Fla.1990). We refuse the imploration to reach the merits despite the lack of preservation because none of the alleged errors are fundamental in nature. See State v. Smith, 573 So.2d 306, 310 (Fla.1990) (fundamental error occurs in eases “where a jurisdictional error appears or where the interests of justice present a compelling demand for its application”).
Affirmed.