PER CURIAM.
Don Parris appeals the denial of his motion to correct illegal sentence, which he filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse.
Pursuant to a plea agreement, Parris pled guilty as a habitual offender to concurrent five and one-half-year prison terms for grand theft and burglary. Parris now claims that he does not possess the requisite two prior felony convictions to support his status as a habitual offender. If true, his sentence would be illegal. See Judge v. State, 596 So.2d 73 (Fla. 2d DCA), review denied, 613 So.2d 5 (Fla.1992) (habitual offender sentence is illegal if prior offense necessary to qualify defendant as habitual offender does not exist). The trial court denied the motion without reaching its merits. Thus, we are unable to determine whether the appellant qualifies as a habitual offender.
Accordingly, we reverse and remand for further proceedings. If the trial court again denies the motion, it should attach portions of the records and files which refute the appellant’s allegations. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further appellate review.
Reversed and remanded.
CAMPBELL, A.C.J., and BLUE and LAZZARA, JJ., concur.