PER CURIAM.
The State of Florida and Assistant State Attorney Jack Poitinger, individually, have petitioned this court for a writ of certio-rari and/or mandamus. The petition requests this court to review and vacate or quash an order entered in the consolidated cases of State v. Myrick and State v. Brooks (circuit court numbers 93-189 and 93-3487) by Chief Judge Philip Padovano of the Circuit Court for Leon County. The order to be reviewed was entered on February 25, 1994, and discharged an order issued on February 22, 1994, requiring the State to show cause why the circuit court should not quash certain subpoenas issued at the State’s request and served on February 22 on Judge Padova-no and the other circuit judges in that circuit. The subpoenas required each judge to appear and testify at an evidentiary hearing to be held in connection with motions by defendants Myrick and Brooks to have the habitual offender statute held unconstitutional as applied. Judge Padovano was to preside at the hearing, which was scheduled to commence at 9:30 a.m. on February 28, 1994. The order entered by Judge Padovano declined to quash the subpoenas and noted the assignment of Judge Charles J. Kahn, Jr., of this court to conduct the hearing in his stead at the scheduled time. In explanation of this ruling, the order contained a lengthy recitation of the history of the case, described the various continuances that had been granted at the State’s request, and was quite- critical of Mr. Poitinger’s tactics and professional conduct as lead counsel in the prosecution of the cases, with particular emphasis on the propriety of his having subpoenaed the presiding judge and all other judges in the circuit just a few days before the scheduled hearing was to commence to testify about matters that were impermissible under the law cited in the order. The order, however, did not expressly reprimand Mr. Poitinger, nor did it attempt to impose any sanctions against Mr. Poitinger.
Petitioners contend that the order departs from the essential requirements of the law or exceeds the judge’s lawful authority “as it pertained to the conduct of Petitioner [Poi-tinger] in the representation of the State of Florida in the consolidated cases and that he is entitled to the relief prayed for herein.” In support of this contention, Petitioner Poi-tinger urges that the order to show cause did not place him on notice “that his ethical conduct was about to be adjudicated” and that he did not have “an adequate opportunity to prepare a defense and to be heard *787 given the brevity of time for the State to respond to the Order.” He characterizes the order as being, in effect, a judgment against him personally that was entered without either making him a party to the cause or giving him an opportunity to defend himself. He further contends that some of the factual findings in the order are not supported by the record and contends that he may never have an opportunity to contest such findings unless given extraordinary relief in this original writ proceeding.
We conclude that the petition fails to set forth a prima facie showing for relief either by certiorari or mandamus. As the order did not quash the State’s subpoenas, it was not unfavorable to the State, so the State has no standing to complain. See North Shore Bank v. Town of Surfside, 72 So.2d 659 (Fla.1954). The order does not direct that any specific action be taken against Petitioner Poitinger, so it does not constitute an attempt by the circuit court to exercise any jurisdiction over Mr. Poitinger as a party rather than as an attorney of record in the case representing his client, the State of Florida. Granted, the order is critical of his professional conduct in the handling of the cases leading up to the issuance of the subpoenas and the disruption of the scheduled hearing, but this criticism was made in the context of the trial court’s action on the show cause order, which required the assignment of a new judge to handle the hearing at the last minute.
If a trial judge perceives an impropriety by counsel in the handling of a case, that judge has the judicial prerogative to register disapproval of such conduct. In discussing whether certain remarks by a prosecutor in closing argument constituted misconduct and amounted to reversible error, the supreme court of this state explained as follows:
When there is overzealousness or misconduct on the part of either the prosecutor or defense lawyer, it is proper for either trial or appellate courts to exercise their supervisory powers by registering their disapproval, or, in appropriate cases, referring the matter to The Florida Bar for disciplinary investigation. Arango v. State, 437 So.2d 1099 (Fla.1983); Spenkelink v. Wainwright, 372 So.2d 927 (Fla.1979) (Alderman, J., concurring specially); Jackson v. State, 421 So.2d 15 (Fla. 3d DCA 1982).
State v. Murray, 443 So.2d 955, 956 (Fla.1984). See also State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986); Oropesa v. State, 555 So.2d 389, 391 (Fla. 3d DCA 1989), review denied, 562 So.2d 346 (Fla.1990). While these cases are obviously distinguishable on the facts, the legal principles discerned from their rationale confirm the legal authority of a trial judge to register disapproval as to the actions of attorneys in proceedings presided over by the judge.
Petitioners offer no authority for their arguments that counsel is entitled to notice and opportunity to be heard on specific charges before a court is entitled to register disapproval of improper tactics or misconduct by counsel. Nor have they presented any authority that an order containing such comments, without more, is subject to review in extraordinary proceedings such as this. Moreover, our own extensive research reveals no such authority. Hence, there is no showing that the order departs from the essential requirements of the law.
Because we decline to exercise our discretion to review this order by the extraordinary writ of certiorari or mandamus, it is not appropriate to determine whether the record supports the findings made in the order, as argued in the petition. Thus, we do not pass upon the accuracy or inaccuracy of the thoughts expressed in the order.
The petition for writ of certiorari or mandamus is denied.
ZEHMER, C.J., and JOANOS and BENTON, JJ., concur.