637 So.2d 941 (1994)
Willie J. BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03529.
District Court of Appeal of Florida, Second District.
May 25, 1994.
James Marion Moorman, Public Defender, and Karen K. Purdy, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Willie J. Bell, challenges the trial court's judgment and sentence imposed pursuant to the habitual felony offender statute, § 775.084, Fla. Stat. (1991), contending that the trial court erred in failing to follow the procedural requirements of section 775.084(1). We affirm.
The appellant entered a plea of no contest to one count of burglary to a business and one count of grand theft. At the plea hearing, the appellant stipulated to the negotiated plea of a four year habitual felony offender sentence. The appellant signed an acknowledgement and waiver of rights document which stated that if the trial court accepted his plea, his sentence would be four years as a habitual offender. The appellant's attorney stated that he had discussed habitualization and the sentence with the appellant. The appellant stated that he understood that he was waiving his right to a habitualization hearing. The trial court found that the plea *942 and waiver were freely and voluntarily made and sentenced him to four years in prison as a habitual offender. The appellant filed a timely notice of appeal.
The appellant contends that the trial court erred in sentencing him as a habitual offender without making the findings that he had the predicate felony convictions as required under section 775.084(1). We disagree.
In Spriggs v. State, 615 So.2d 828 (Fla. 4th DCA 1993), the Fourth District held that a defendant may knowingly and voluntarily waive, in a plea agreement or otherwise, the right to express findings under section 775.084(3). See also Greenlee v. State, 591 So.2d 310 (Fla. 2d DCA 1991). In the present case, the appellant expressly agreed to be sentenced as a habitual felony offender as part of his plea agreement and knowingly and voluntarily waived the procedural requirements of section 775.084. Accordingly, we affirm the trial court's judgment and sentence.
Affirmed.
SCHOONOVER, A.C.J., and PARKER and ALTENBERND, JJ., concur.