731 So.2d 71 (1999)
Donald W. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04332.
District Court of Appeal of Florida, Second District.
April 7, 1999.
*72 PER CURIAM.
Donald W. Lee appeals the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Lee attacks his sentence on three grounds. We affirm the trial court's disposition of the first two grounds without discussion. We reverse on the third ground, based on Lee's sworn assertion that his prior record fails to support his sentence as a habitual offender.
Lee was serving a life sentence when he was charged, pursuant to section 944.47, Florida Statutes (1993), with introduction of contraband in prison. Lee pleaded nolo contendere to the charge and accepted the prosecutor's plea offer, which included a habitual felony offender enhancement. Lee received a prison sentence of fifteen years to run concurrently with his life sentence.
At the time of Lee's sentencing, section 775.084, Florida Statutes (1993), set forth the criteria for determining habitual offender status. For Lee to be sentenced as a habitual offender, the statute required the trial court to find, among other things, that (1) Lee had previously been convicted of two or more felonies, and (2) the felony for which Lee was being sentenced was committed within five years of the date of his conviction for the last prior felony or within five years of release from a prison sentence or other commitment imposed as a result of a prior felony conviction. See § 775.084(1).
The trial court, relying on Greenlee v. State, 591 So.2d 310 (Fla. 2d DCA 1991), concluded that Lee had stipulated to his *73 habitual offender sentence as part of a plea agreement and, therefore, waived compliance with the requirements of section 775.084. We find Greenlee to be inapposite.
In Greenlee, this court held that because the defendant "specifically stipulated that she would meet the criteria for a habitual felony offender and agreed to be sentenced as such," she waived the procedural requirements of section 775.084. Id. at 311. Unlike the defendant in Greenlee, Lee disputes that he meets the criteria for habitual offender sentencing. Lee contends that all of his prior offenses occurred ten years before he was charged with his current offense. There is nothing in the record refuting this contention.
We agree that, under certain circumstances, such as those presented in Greenlee, a defendant may waive the procedural requirements contained in the habitual offender statute. Those requirements include the right to a separate hearing at which the defendant is accorded the rights of confrontation, cross-examination, and representation by counsel, and the right to have the trial court make specific factual findings to support its conclusion that a defendant meets the habitual offender criteria. See Jefferson v. State, 571 So.2d 70, 71 (Fla. 1st DCA 1990); § 775.084(3). We do not believe, however, that a defendant can stipulate to being sentenced as a habitual offender when the underlying substantive offenses necessary for such a sentence do not exist.
If a defendant who has been sentenced as a habitual offender can prove that his prior offenses do not qualify him as a habitual offender, he will have established that his sentence is illegal. See Judge v. State, 596 So.2d 73, 78 (Fla. 2d DCA 1992) (en banc). A defendant cannot authorize the trial court to impose an illegal sentence, even by virtue of a plea agreement. See Brown v. State, 609 So.2d 730, 732 (Fla. 1st DCA 1992). We therefore conclude that Lee is not precluded from attacking his habitual offender sentence as being illegal simply because he entered into a plea agreement.
Our decision in Parris v. State, 629 So.2d 323 (Fla. 2d DCA 1993), is dispositive on this point. In Parris, the defendant pleaded guilty as a habitual offender to concurrent five and one-half year prison terms pursuant to a plea agreement. The defendant then claimed that he did not possess the requisite two prior felony convictions to support his status as a habitual offender. We noted in Parris that, if true, the defendant's sentence would be illegal. Id. at 323. Because we were unable to determine from the record whether the defendant qualified as a habitual offender, we reversed the trial court's summary denial of his rule 3.800(a) motion and remanded for further proceedings. Id.
Our sister court's decision in Harper v. State, 605 So.2d 994 (Fla. 5th DCA 1992), further supports our conclusion. In Harper, the defendant accepted the prosecutor's recommendation for habitual offender sentencing as a term of the plea agreement, but did not expressly waive his right under the habitual offender statute to findings of fact, and did not stipulate to his status as a habitual offender. Id. at 995. The defendant subsequently contended that he did not meet the criteria for sentencing as a habitual felony offender. Id.
The Harper court held that, under those circumstances, "[a] negotiated plea agreement may be considered a waiver of the statutory notice requirement, but not a waiver of the fact-finding process." Id. It accordingly reversed the defendant's sentence and remanded to the trial court for a determination of whether the defendant, in fact, was eligible for sentencing as a habitual offender. Id.; see also Marshall v. State, 623 So.2d 1230, 1231 (Fla. 1st DCA 1993) (holding "fact that defendant's sentence as a habitual offender was the result of a plea bargain does not preclude him from contesting the legality of his sentence").
*74 In concluding that Lee may attack his sentence as being illegal, despite having entered into a plea agreement, we have not overlooked Bell v. State, 637 So.2d 941 (Fla. 2d DCA 1994). In Bell, this court held that the defendant was precluded from contending the trial court erred in sentencing him as a habitual offender without making specific factual findings that he had the predicate felony convictions required by section 775.084(1). Id. at 942. The defendant in Bell "expressly agreed to be sentenced as a habitual felony offender as part of his plea agreement and knowingly and voluntarily waived the procedural requirements of section 775.084." Id. Moreover, the defendant's attorney in Bell stated that he had discussed habitualization with the defendant who stated he was waiving his right to a habitualization hearing. Id. at 941.
Nothing in Bell suggests that the defendant did not qualify for habitual offender sentencing. The only issue there was whether the trial court had to make specific factual findings under the habitual offender statute after the defendant stipulated that he met the habitual offender criteria. Id. We declined to require the trial court to undertake such a pointless endeavor. Id.; accord Spriggs v. State, 615 So.2d 828 (Fla. 4th DCA 1993).
We cannot tell from the record whether Lee had the requisite prior felony convictions to sentence him as a habitual offender. We accordingly reverse the trial court's summary denial of Lee's postconviction motion on this issue and remand for further proceedings. If the trial court again denies the motion, it should attach those portions of the record which refute Lee's allegation. If the trial court grants the motion, we note, without deciding, that the State may no longer be bound by its plea agreement. See, e.g., Ford v. State, 595 So.2d 266, 267 (Fla. 5th DCA 1992) (recognizing that where State, on direct appeal, agreed defendant's sentence was illegal, State would not be bound by its plea bargain and could seek other sanctions on remand).
Affirmed in part; reversed in part.
CAMPBELL, A.C.J., and WHATLEY and STRINGER, JJ., Concur.