746 So.2d 512 (1999)
Jerry HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-00385.
District Court of Appeal of Florida, Second District.
December 8, 1999.
Angela Doyle Flaherty of Filipkowski and Haynes, P.A., Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
*513 PARKER, Judge.
Jerry Hamilton appeals his sentence as a prison releasee reoffender entered pursuant to section 775.082(8), Florida Statutes (1997), the Prison Releasee Reoffender Act ("the Act"). Because we find that Hamilton did not stipulate that he qualified as a prison releasee reoffender, we reverse.
Hamilton entered a no contest plea to charges of battery on a law enforcement officer, resisting or obstructing an officer with violence, fleeing or attempting to elude a police officer, and possession of marijuana. During the plea colloquy, Hamilton agreed to be sentenced as a prison releasee reoffender, but did not stipulate that he qualified as such. Although the State presented no evidence of Hamilton's prior convictions or release from prison, the court sentenced Hamilton as a prison releasee reoffender.
On appeal, Hamilton argues that the trial court erred in sentencing him as a prison releasee reoffender without providing proof that he qualified for that designation, as required by section 775.082(8)(a)2., Florida Statutes (1997). That section provides, in pertinent part:
If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows...."
§ 775.082(8)(a)2., Fla. Stat. (1997). The State claims that Hamilton waived the procedural requirements of the Act by agreeing to the prison releasee reoffender sentence.
Although this issue has not been presented in the context of the Act, it has been addressed in cases where a defendant has been sentenced as a habitual felony offender pursuant to section 775.084, Florida Statutes. In that context, this court has held that a defendant may waive the procedural requirements of section 775.084 if the defendant stipulates that he qualifies as a habitual felony offender and agrees to be sentenced as such. See Bain v. State, 730 So.2d 296, 306 (Fla. 2d DCA 1999) (en banc); Greenlee v. State, 591 So.2d 310, 310-11 (Fla. 2d DCA 1991).[1]See also Harper v. State, 605 So.2d 994, 995 (Fla. 5th DCA 1992) (reversing for resentencing where the State failed to present proof of a defendant's habitual felony offender status even though he agreed to be sentenced as such because he did not stipulate that he qualified as a habitual felony offender). The First District has provided this rationale for extending waiver to habitual felony offender designations:
[I]n other contexts, defendants have been recognized as having the option to waive numerous substantive rights in the criminal justice area, even though waiver is not expressly provided by statute. See, e.g., State v. Rodriguez-Acosta, 561 So.2d 531 (Fla.1990) (statutory right to trial by twelve-person jury validly waived, and trial by six-person jury substituted therefor in exchange for the state's waiver of the death penalty); R.F.R. v. State, 558 So.2d 1084 (Fla. 1st DCA 1990) (juvenile waived right to dismiss a petition for delinquency filed more than forty-five days after he was taken into custody in violation of Section 39.05(6), Florida Statutes (1987)); Jordan v. State, 561 So.2d 16 (Fla. 2d DCA 1990) (waiver of statutory right to hearing on costs assessed); Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986) (no *514 error in accepting plea to specific bargained-for sentence which was outside the guidelines in return for state's promise not to seek enhanced penalty under habitual offender statute), review denied, 545 So.2d 1368 (Fla.1989).
Jefferson v. State, 571 So.2d 70, 71 (Fla. 1st DCA 1990). We find no distinction between the Act and the habitual felony offender statute that would preclude waiver. Under either statute, the defendant would be stipulating that, because he was convicted of certain prior offenses, he qualifies for a sentence outside the statutory guidelines. Further, as is clear from Jefferson, the concept of waiver is not unique to habitual felony offender designations.
In this case, while Hamilton agreed to be sentenced as a prison releasee reoffender, he did not stipulate that he qualified as such. Since both agreement and stipulation are required for waiver to occur, we are compelled to reverse and remand for resentencing. On remand, the trial court may again sentence Hamilton as a prison releasee reoffender if the State presents evidence that he qualifies as such under the Act. See Harper, 605 So.2d at 995.
Reversed and remanded.
CAMPBELL, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] This court has recognized an exception to waiver in this context when the underlying offenses necessary for such a classification do not exist. See Lee v. State, 731 So.2d 71, 73 (Fla. 2d DCA 1999).