PER CURIAM.
Tyrone Standford appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We find merit to only one of Standford’s claims and reverse as to it. We affirm the order as to Standford’s other claims without discussion.
Standford initially pleaded guilty to two charges of grand theft in exchange for a sentencing recommendation from the State that the sentence would not be more severe than community control. The trial court accepted the plea and sentenced Standford to concurrent terms of probation as a habitual felony offender. Stand-ford subsequently violated that probation and was sentenced to two consecutive ten-year prison terms as a habitual felony offender. Standford now alleges that those habitual felony offender sentences are illegal because he does not have the requisite prior convictions to qualify him as a habitual offender.
The trial court denied this claim without reaching its merits on the grounds that Standford had raised the same issue in a prior motion pursuant to rule 3.850. In support of this conclusion, the trial court attached the order denying Stand-ford’s earlier rule 3.850 motion. This order does not, however, conclusively demonstrate that this specific issue was raised in the prior motion. See Sanchez v. State, 745 So.2d 1007 (Fla. 2d DCA 1999) (holding that an order which dismissed a rule 3.800 motion as successive had to be reversed where the prior motion did not raise the same specific issue). Assuming that Standford’s claim is facially sufficient, this alone would require reversal. We also note that this court has held that substantive due process requires correction of a patently illegal sentence despite the law of the case doctrine. See Lawton v. State, 731 So.2d 60 (Fla. 2d DCA 1999).
We now turn to the merits of Standford’s claim. Standford has alleged under oath that he does not have the requisite qualifying convictions in order to be sentenced as a habitual offender. This court has recently found that such a claim states a facially sufficient basis for relief pursuant to rule 3.800(a). See Lee v. State, 731 So.2d 71 (Fla. 2d DCA 1999) (holding that a habitual sentence imposed on a defendant when the underlying substantive offenses necessary for such a sentence do not exist is illegal and cannot be stipulated to by the defendant).[1] Nothing in the record before this court refutes Standford’s claim. We therefore reverse and remand for further proceedings. If the trial court again denies Standford’s claim, it must attach those portions of the record which conclusively refute it.
Affirmed in part; reversed in part; and remanded.
BLUE, A.C.J., and NORTHCUTT and STRINGER, JJ., Concur.

. In Lee v. State, 731 So.2d 71, 72 (Fla. 2d DCA 1999), the defendant pleaded in exchange for an agreed upon sentence as a habitual offender. In this case, it does not appear that Standford was aware that he was going to be sentenced as a habitual offender until after he had pleaded.