# Third District Court of Appeal

## State of Florida

Opinion filed February 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1093
Lower Tribunal No. 99-40891
_____

**Tony Bruce,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Tony Bruce, in proper person.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before EMAS, C.J., and SCALES and MILLER, JJ.

PER CURIAM.

Tony Bruce appeals the trial court's summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In that motion, Bruce alleged his prior convictions in case number F88-18388A did not exist as a matter of law, and should not have been relied upon by the trial court in determining that Bruce qualified as a habitual violent felony offender. Bruce further asserted that, in the absence of those convictions, he did not qualify as a habitual violent felony offender and his sentence was therefore illegal.

In light of our threshold determination that Bruce's motion is legally sufficient,[1] the State has properly and commendably conceded that we must reverse. Although the trial court's summary denial order expressly indicates that "the defendant's assertion is conclusively refuted by the attached certified conviction in case F88-18388A," no such record is attached to the trial court's order. We therefore reverse and remand this case to the lower court either to conduct a further hearing or to issue an order of denial, attaching those portions of the record that conclusively

---

[1] See, e.g., Bover v. State, 797 So. 2d 1246, 1248-49 (Fla. 2001) (holding that a defendant may utilize rule 3.800(a) to challenge the legality of his sentence under these circumstances: "If the requisite predicate felonies essential to qualify a defendant for habitualization did not exist, then the habitual offender sentence could not have been imposed as a matter of law because it would impose a 'kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.' Carter [v. State], 786 So. 2d [1173], at 1181 [(Fla. 2001)]. Therefore, we conclude that the adjudication of a defendant as a habitual offender when the requisite sequential felonies do not exist may be corrected as an illegal sentence pursuant to rule 3.800(a) so long as the error is apparent from the face of the record.")

refute Bruce's claim.[2]  See, e.g., McIntyre v. State, 844 So. 2d 679 (Fla. 4th DCA

2003); Standford v. State, 754 So. 2d 62 (Fla. 2d DCA 2000); Lee v. State, 731 So.

2d 71 (Fla. 2d DCA 1999).

　　　Reversed and remanded.

---

[2] We reject, as without merit and without need for further discussion, Bruce's alternative claim that, even if these prior convictions do exist, the trial court illegally relied upon those prior convictions as both a factor in calculating Bruce's guideline sentence as well as a basis to find Bruce qualifies for sentencing as a habitual violent felony offender.